

**U.S. Department of Justice**

*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 19, 2009

The Honorable Mark L. Wolf
Chief Judge
United States District Court
　for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

　　　Re:　United States v. Ocasio
　　　　　　Criminal No. 07-10102-MLW

Dear Judge Wolf:

　　　On June 4, 2009, I, as the Acting United States Attorney, filed with the Court a dismissal of defendant Juan Ocasio from all counts of the indictment in the above-captioned case, pursuant to Fed. R. Crim. P. 48(a). The government's decision to dismiss was not made cavalierly; rather, I authorized and signed the dismissal in good faith only after reviewing thoroughly the evidence against Ocasio and conferring with Assistant United States Attorney Robert Fisher, the Criminal Division's Deputy Chiefs, the Chief of the Drug Task Force Unit, and others in the office regarding both the case and the issues that arose during the May 27, 2009 scheduling conference. To ensure that the Court understood why the government was dismissing the case and why that dismissal was in the public interest, the dismissal notice included an explanation of the reason for so doing -- that is, because the government no longer believed it could prove the charged offenses beyond a reasonable doubt. I had therefore concluded that continuing to prosecute Ocasio would have been inconsistent with U.S. Department of Justice policy and my ethical obligations. Moreover, although the decision to dismiss was based solely on the evidence, I should note that I also concluded that the government had not committed any misconduct.

　　　Later that day, the Court issued an order convening a June 5, 2009 hearing on the government's dismissal. I was unable to attend the June 5, 2009 hearing, however, because I was attending my younger daughter's graduation from high school, as AUSA Fisher reported to you. But I had wanted to be heard on the dismissal, and assumed that you would give me that chance, as you told AUSA Fisher when he explained my absence. [6/5/09 Tr. 41].

The Honorable Mark L. Wolf
June 19, 2009
Page 2

     In dismissing the indictment against Ocasio at the June 5 hearing, the Court stated that the government's dismissal was "motivated in part by a desire to keep possible misconduct by a DEA agent from being explored and perhaps exposed in court in the suppression hearing that was scheduled for today." [6/5/09 Tr. 123]. The Court also said that "[i]f a cover up of government misconduct were the sole motive for putting an alleged drug dealer back on the street * * * [the Court] would resist" granting leave to dismiss. [6/5/09 Tr. 126].

     The Court's finding that the government had mixed motives in dismissing the case against Ocasio is unwarranted and without factual support. I represented to the Court in the dismissal that the evidence was insufficient to proceed and dismissal was in the public's interest. I made that representation both as an officer of the Court and as the Acting U.S. Attorney. The government may not prosecute a case in the absence of sufficient evidence, and there was no evidence before the Court suggesting that the government was attempting, for illegitimate reasons, to dismiss a case that was in fact viable. *See Rinaldi v. United States*, 434 U.S. 22, 30, n.15 (1977) (noting, in dicta, that "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e. g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection"); *In Re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (noting opinions that say that a Rule 48(a) motion may be denied where the prosecutor appears "motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial," although questioning whether a court may ever deny a Rule 48(a) motion based on the government's motives). I am, moreover, both dismayed and personally offended by the Court's finding that I dismissed the case in part out of a desire to hide possible misconduct, as are the other Assistant U.S. Attorneys in this office who are aware of the Court's order. I did not believe before the hearing that the agent had engaged in misconduct, and I note that you reached the same conclusion, after extensive testimony from the agent. [6/5/09 Tr. 123].

     Finally, in its June 5, 2009 order (as modified on June 8, 2009), the Court ordered the Acting U.S. Attorney to read the transcripts of the May 27, 2009 and June 5, 2009 hearings, and to provide those transcripts to the DEA's Special Agent in Charge. I indeed read the June 5 transcript, given the findings the Court made at the close of that hearing, and I had previously read the May 27 transcript as well. I make every effort to be aware of what the AUSAs in this office are doing and any significant issues that may arise in the cases and investigations they handle. I also ensured that the DEA received a copy of the transcripts.

     Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney